# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM STEWART DIBLE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | No. C10-4104-LRR<br><br>INITIAL REVIEW ORDER |

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on November 2, 2010. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint.

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk of court shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on an average account balance of $89.67, the court finds that the initial partial filing fee is $17.93. *Id*. The plaintiff shall submit $17.93 by no later than December 23, 2010. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk of court shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33,

112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III.  CLAIM ASSERTED

Currently confined at the Federal Correctional Complex in Beaumont, Texas, the plaintiff, proceeding pro se, submitted a complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674. The plaintiff presumably predicates jurisdiction on 28 U.S.C. § 1346. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff states the following: (1) he was a defendant in *United States v. Dible*, Case # 5:08-cr-04060-LRR (N.D. Iowa 2009), and, as part of his plea agreement, he cooperated with Drug Enforcement Administration Agent Todd Peterson in Sioux City, Iowa; (2) on or about March 21, 2009, he informed Agent Peterson that Jenny Grant, a.k.a, Jenny Kazena, was helping a known drug dealer and fugitive, that is, Derik

Medina, move to another Sioux City, Iowa residence so as to avoid detection and arrest; (3) Jenny Grant and Derik Medina asked to borrow his 2000 Acura RL 3.5 to effectuate Derik Medina's move; (4) Agent Peterson instructed him to provide Jenny Grant and Derik Medina his 2000 Acura RL 3.5 so Derik Medina could move; (5) Agent Peterson told him that he and other Drug Enforcement Administration Agents would stake out and follow Jenny Grant and Derik Medina as they attempted to move and until they could be arrested; (6) he followed Agent Peterson's instruction and allowed Jenny Grant and Derik Medina to use his 2000 Acura RL 3.5; (7) although he kept Agent Peterson continuously apprised of the whereabouts of Jenny Grant and Derik Medina, Agent Peterson and other Drug Enforcement Administration Agents failed to stop or arrest Jenny Grant and Derik Medina; (8) Jenny Grant and Derik Medina never returned his 2000 Acura RL 3.5 and acknowledged that they stole his 2000 Acura RL 3.5; (9) Agent Peterson acknowledged that Jenny Grant and Derik Medina stole his 2000 Acura RL 3.5 and stated that the Drug Enforcement Administration was attempting to retrieve his 2000 Acura RL 3.5 and it would be returned to him; (10) his 2000 Acura RL 3.5 has not been returned to him, and he has not been compensated for the loss of his 2000 Acura RL 3.5, which has a stated value of $6,000.00; and (11) the negligent actions of Agent Peterson and other Drug Enforcement Administration Agents were the direct and proximate cause of the theft and loss of his 2000 Acura RL 3.5. As relief, the plaintiff asks the court to award him compensatory damages in the amount of $6,000.00, interest and costs.[1]

---

[1] The court notes that, in *United States v. Dible*, Case # 5:08-cr-04060-LRR (N.D. Iowa 2009), the plaintiff entered into a plea agreement with the government and that the terms of such agreement prohibit him from revealing or discussing, among other things, his cooperation and the identity of law enforcement personnel. Such plea agreement also makes clear that the plaintiff "agree[d] to forfeit and abandon any and all claim to items seized by law enforcement from [him] at the time of any arrest or search, including his own arrest[, and he understood that] any local, state, or federal law enforcement agency [could] take custody of and use, dispose, and transfer [them in any way it deemed]
(continued…)

## IV. ANALYSIS

Absent waiver, the doctrine of sovereign immunity shields the federal government from suit. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Because sovereign immunity is jurisdictional in nature, *Meyer*, 510 U.S. at 475, "the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). *See also United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983) (making clear that the government cannot be sued without its consent and that the existence of consent to suit is a prerequisite to jurisdiction). The Federal Tort Claims Act represents a limited waiver of the government's sovereign immunity. *See United States v. Orleans*, 425 U.S. 807, 813, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976). It grants "the federal district courts jurisdiction over a certain category of claims for which the United States has . . . 'rendered' itself liable." *Meyer*, 510 U.S. at 477 (quoting *Richards v. United States*, 369 U.S. 1, 6, 82 S. Ct. 585, 7 L. Ed. 2d 492 (1962)). Specifically, 28 U.S.C. § 1346(b)(1) confers exclusive jurisdiction to the district courts over

> civil actions on claims against the United States . . . for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

---

[1](…continued) appropriate." The court also notes that, in *United States v. Dible*, Case # 5:08-cr-04060-LRR (N.D. Iowa 2009), the plaintiff's March 26, 2009 pre-sentence investigation report indicates that he submitted a personal financial statement and reported owning a 2000 Acura worth $5,000.00, not $6,000.00.

In *Meyer*, the Supreme Court recognized that this language establishes six elements a claim must encompass to be actionable under 28 U.S.C. § 1346(b)(1), namely, the claim must be

> "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)).

Here, the plaintiff essentially contends that, due to the negligence of Drug Enforcement Administration Agents, his automobile was stolen and never recovered and, consequently, he suffered a loss of $6,000.00. The court concludes that such contention fails to satisfy the sixth element because it does not state a claim under Iowa negligence law. *See Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 873 (8th Cir. 1999) ("'under like circumstances'" means that there must be "private analogue" in state law to the government's conduct). To state a negligence claim under Iowa law, a plaintiff must establish that the defendant owed him a duty of care, the defendant breached that duty, the defendant's breach was the actual and proximate cause of the plaintiff's injury and the plaintiff suffered damages. *See Walls v. Jacob N. Printing Co., Inc.*, 618 N.W.2d 282, 285 (Iowa 2000) (setting forth elements of negligence claim). Based on the facts that the plaintiff alleged, it cannot be said that the defendant owed the plaintiff a duty or that the theft of the plaintiff's 2000 Acura was reasonably foreseeable or a probable consequence of directing the plaintiff to allow Jenny Grant and Derik Medina to borrow the 2000 Acura. *See Virden v. Betts & Beer Constr. Co.*, 656 N.W. 2d 805, 807-09 (Iowa 2003) (analyzing duty and causation elements of negligence claim). The defendant could not have foreseen that Jenny Grant and Derik Medina would elect to borrow and then steal the

6

plaintiff's 2000 Acura, and the defendant did not have a duty to take measures to guard against the subsequent illegal conduct of Jenny Grant and Derik Medina. *Id*. Thus, the court does not possess jurisdiction over the plaintiff's negligence claim under 28 U.S.C. § 1346(b).

Moreover, Congress's broad waiver of immunity under the Federal Tort Claims Act is subject to multiple exceptions. *See generally* 28 U.S.C. § 2680(a)-(n). One of the enumerated exceptions specifically prohibits money damages for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any . . . law enforcement officer." 28 U.S.C. § 2680(c). So, under the Federal Tort Claims Act, the government did not waive its sovereign immunity with respect to any claim based on the detention of property by any federal law enforcement officers in the performance of their official duties. *See Kosak v. United States*, 465 U.S. 848, 854, 104 S. Ct. 1519, 79 S. Ct. 2d 860 (1984) (construing 28 U.S.C. § 2680(c) broadly and concluding that it exempts "a claim resulting from negligent handling or storage of detained property"). Because the plaintiff's claim involves an injury that arises from a government official's detention of property, sovereign immunity is not waived and the court lacks jurisdiction. *Cf. Cheney v. United States*, 972 F.2d 247, 248 (8th Cir. 1992) (rejecting claim that the United States is liable under the Federal Tort Claims Act because the United States's agent enabled a third party to gain possession of a car that was subsequently destroyed); *Schlaebitz v. United States Dep't of Justice*, 924 F.2d 193, 194 (11th Cir. 1991) (affirming dismissal of claim for money damages based on the United States Marshal's unauthorized release of a prisoner's luggage and its contents to a third party). It makes no difference that the United States never actually possessed the plaintiff's car. The broad exception to the government's waiver of sovereign immunity in 28 U.S.C. § 2680(c) applies because the plaintiff's claim is based on his agreement to cooperate and Agent Peterson's ensuing directive to him to allow his 2000 Acura to be borrowed by Jenny Grant and Derik Medina. *See Cheney*, 972 F.2d at 248.

Based on the facts alleged in the instant complaint, it is clear that the plaintiff does not state a viable claim. Therefore, the plaintiff's action shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk of the court is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $17.93 by no later than December 23, 2010. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk of the court is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of this action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 3rd day of December, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: WARDEN/ADMINISTRATOR
      FCC Complex, USP

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that William Stewart Dible, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Dible v. United States of America*, Case No. C10-4104-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $17.93, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

By, *Sarah A Malvin*
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa